UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID HAMILTON, MICHAEL D. PERSEKE, CRAIG BOLTE, LARRY BLACK, SHAWN JAMISON, and KAINE BRAUN, | Case No. 16-CV-0276 (PJS/LIB) |
| Plaintiffs, | |
| v. | ORDER |
| NICK LAMMI; CHAD MESOJEDEC, Rehabilitation Therapist Director; RICHARD O'CONNOR, Interim Security Manager; CHRISTINE SELLS, Religious Services Volunteer; and SANDY BRYANT, Religious Services Volunteer, sued in their individual and official capacities, | |
| Defendants. | |

This matter is before the Court on plaintiffs' objection[1] to the April 1, 2016 Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois. Judge Brisbois recommends dismissing certain of plaintiffs' religious-freedom claims. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Brisbois's analysis and adopts his R&R.

---

[1] Plaintiffs filed two objections, which are substantively identical. One objection is signed by plaintiffs Michael Perseke, Shawn Jamison, and Kaine Braun; the other is signed by plaintiff David Hamilton. ECF No. 16; ECF No. 17.

The Court notes that, although plaintiffs' filing is styled as an "objection," plaintiffs in fact appear to agree with nearly all of Judge Brisbois's analysis. Plaintiffs do not dispute, for example, that they cannot bring claims for money damages against defendants in their official capacities under either the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq., or 42 U.S.C. § 1983; that they cannot bring any claims against defendants in their individual capacities under RLUIPA; or that they cannot challenge either the fact of their confinement or their classification as sex offenders under RLUIPA or § 1983.

Plaintiffs challenge only Judge Brisbois's recommendation that what remains of their § 1983 claims be dismissed without prejudice because the complaint fails to specifically describe what each defendant did that was allegedly unlawful. Plaintiffs assert that "it is generally considered immaterial whether [a] pleading states conclusion or facts" and that the "[c]omplaint need not include specific facts establishing [a] prima facie case." ECF No. 16 at 3-4; ECF No. 17 at 3-4. Plaintiffs are mistaken about current pleading standards. Those standards are derived from the landmark cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)—cases which postdate all of the cases about pleading standards cited in plaintiffs' objection.

As *Twombly* and *Iqbal* make clear, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Id.* at 555. Contrary to plaintiffs' assertions, in assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. *See Iqbal*, 556 U.S. at 678-79. The Court must, however, accept as true all of the factual allegations in the complaint and draw all reasonable inferences in plaintiffs' favor. *See id.* at 678. Judge Brisbois correctly applied this standard in recommending that portions of plaintiffs' § 1983 claims be dismissed without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiffs' objections [ECF Nos. 16 & 17] and ADOPTS the April 1, 2016 R&R [ECF No. 9]. IT IS HEREBY ORDERED THAT:

1. The motion for the voluntary dismissal of plaintiffs Craig Bolte and Larry Black [ECF No. 8] is GRANTED.

2. Bolte and Black are VOLUNTARILY DISMISSED WITHOUT PREJUDICE from this action.

3. The applications to proceed in forma pauperis of Bolte and Black [ECF Nos. 4 & 5] are DENIED AS MOOT.

4. All claims are DISMISSED WITHOUT PREJUDICE insofar as plaintiffs challenge the fact of their civil detention or their classification as sex offenders.

5. Plaintiffs' claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") are DISMISSED WITH PREJUDICE in the following respects:

   a. Plaintiffs may not seek monetary damages under RLUIPA.

   b. Plaintiffs may not bring RLUIPA claims against defendants in their individual capacities.

6. Plaintiffs' claims under 42 U.S.C. § 1983 are DISMISSED as follows:

   a. All individual-capacity claims against defendants are DISMISSED WITHOUT PREJUDICE.

   b. All official-capacity claims against defendants seeking prospective injunctive relief are DISMISSED WITHOUT PREJUDICE.

    c.    The official-capacity claims against defendants in all other respects are DISMISSED WITH PREJUDICE.

Date:  May 31, 2016        s/Patrick J. Schiltz
      Patrick J. Schiltz
      United States District Judge