UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID HAMILTON, MICHAEL D. PERSEKE, SHAWN JAMISON, and KAINE BRAUN,<br><br>Plaintiffs,<br><br>v.<br><br>NICK LAMMI; CHAD MESOJEDEC, Rehabilitation Therapist Director; RICHARD O'CONNOR, Interim Security Manager; CHRISTINE SELLS, Religious Services Volunteer; and SANDY BRYANT, Religious Services Volunteer, sued in their individual and official capacities,<br><br>Defendants. | Case No. 16-CV-0276 (PJS/LIB)<br><br>ORDER |

David Hamilton, Michael D. Perseke, Shawn Jamison, and Kaine Braun, plaintiffs, pro se.

Brett Terry, OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF MINNESOTA, for defendants.

Plaintiffs David Hamilton, Michael D. Perseke, Shawn Jamison, and Kaine Braun are civil detainees in the Minnesota Sex Offender Program ("MSOP"). Plaintiffs allege that they practice Asatru, "a polytheistic religion that originated in Northern Europe several centuries ago." *Krieger v. Brown*, 496 F. App'x 322, 323 (4th Cir. 2012). Plaintiffs

brought this civil-rights action against several MSOP officials, alleging, in essence, that those officials have unlawfully failed to accommodate plaintiffs' practice of Asatru.

On May 31, 2016, this Court accepted the recommendation of Magistrate Judge Leo I. Brisbois and dismissed most of plaintiffs' claims for various substantive and procedural reasons, leaving only plaintiffs' claim for injunctive relief under § 3 of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. ECF No. 19.  Defendants then moved to dismiss the RLUIPA claim.  ECF No. 21. Plaintiffs filed nothing in response to defendants' motion.

Judge Brisbois recommends that defendants' motion be granted and that plaintiffs' RLUIPA claim be dismissed for two reasons.  First, Judge Brisbois finds that plaintiffs have failed to plausibly plead a violation of RLUIPA under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Second, Judge Brisbois finds that some of the restrictions challenged by plaintiffs are the least restrictive means of furthering a compelling governmental interest, and thus lawful under RLUIPA.

Perseke and Jamison filed an objection to the R&R, identifying various reasons why they believe that Judge Brisbois's analysis is mistaken.  ECF No. 35.  (Perseke and Jamison also say that Braun joins in their objection, although he was unable to sign it because he has been transferred to a different facility.  ECF No. 35 at 1-2.)  For his part,

Hamilton filed a copy of Judge Brisbois's R&R, which Hamilton apparently regards as an objection to that R&R.  ECF No. 30.

The Court overrules plaintiffs' objections.  As an initial matter, plaintiffs filed nothing in opposition to defendants' motion to dismiss.  "A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge."  *Hammann v. 1–800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006) (citing *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 1000 (8th Cir. 2004)); *see also Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("The district court properly refused to consider Ridenour's argument that longer statute of limitations periods applied to his claims because this argument was not presented first to the magistrate judge.")  Plaintiffs cannot bypass the referral process by refusing to litigate in front of the magistrate judge and instead presenting their arguments for the first time to the district judge.

Even if the Court were to address the merits of plaintiffs' arguments, the Court would overrule their objections and adopt the R&R insofar as it recommends that the RLUIPA claim be dismissed because it was inadequately pleaded.  Under *Iqbal* and *Twombly*, a plaintiff's claim must include "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Here, plaintiffs' remaining claim is asserted under § 3(a) of RLUIPA, which provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).  Thus, to adequately plead a claim under RLUIPA, plaintiffs would have to plead sufficient facts to make plausible their claim that defendants imposed a substantial burden on plaintiffs' exercise of Asatru.  The burden would then shift to defendants to plead (and eventually prove) their affirmative defense that any substantial burden imposed on plaintiffs' religious exercise was the least restrictive means available to further a compelling governmental interest.

The Court agrees with Judge Brisbois that plaintiffs have failed to include enough facts in their complaint to allow the Court to find that they have pleaded a plausible claim under RLUIPA.  Many of the alleged violations are described in an entirely conclusory way.  For example, plaintiffs allege that defendants violated RLUIPA by "denial of proper religious items" and by "denying them access to religious literature . . . ."  ECF No. 1 at ¶¶ 10, 11.  But the complaint does not identify *what* "religious items" or "religious literature" was requested, who made each request, to

whom each request was made, or when each request was made. Nor does the complaint identify who rejected each request, or to what extent, or when, or for what reason. And most importantly, the complaint does not describe why the rejection of each request imposed a *substantial* burden on plaintiffs' exercise of Asatru; indeed, the complaint does not even describe *how* the rejection of each request burdened plaintiffs' exercise of Asatru.

Much the same can be said about plaintiffs' more specific allegations. Plaintiffs complain, for example, that they were denied an "Asatru fire grate," "outside blots," "oils," "incense," a "Thor's Hammer," "candles," a "cooking pot for blots," and a "hlath." ECF No. 1 at ¶ 10. Again, though, the complaint does not describe what role these items play in the practice of Asatru, and thus it is impossible to discern from the face of the complaint whether any burden that was imposed by the denial of any of these items was "substantial." And again, the complaint does not describe who requested each of these items, to whom each request was directed, when each request was made, who responded to each request, whether the denial of each request was partial or complete (or qualified or unqualified), or what reason (if any) was given for the denial of each request.[1]

---

[1] To be clear, the Court does not mean to suggest that a RLUIPA claim will not be sufficiently pleaded unless *all* of these things appear in the complaint. The Court holds only that plaintiffs' particular RLUIPA claim is insufficiently pleaded because (almost) *none* of these things appear in the complaint.

For these reasons, the Court dismisses plaintiffs' complaint without prejudice. Given that the dismissal is without prejudice—and given that the allegedly unlawful practices are ongoing—plaintiffs will not be barred by the statute of limitations or any other doctrine from filing a new complaint containing a properly pleaded claim under RLUIPA.

The Court notes that it does not adopt the R&R insofar as Judge Brisbois finds that some of the restrictions challenged by plaintiffs are the least restrictive means of furthering compelling governmental interests. This is an affirmative defense that must be pleaded and proven by a defendant. Ordinarily, "a plaintiff need not plead facts responsive to an affirmative defense before it is raised." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 601 n.10 (8th Cir. 2009). True, the Eighth Circuit has held that "'[i]f an affirmative defense . . . is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule 12(b)(6).'" *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (quoting *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)). But as the Court has described, the complaint does not specifically identify some of the accommodations that plaintiffs have been denied—and, as to the accommodations that are specifically identified (such as an "Asatru fire grate," a "Thor's Hammer," and a "hlath"), the complaint does not describe how the denial of each accommodation creates a substantial burden on plaintiffs' exercise of

Asatru. In light of the inadequacies of the complaint, the Court cannot make a determination—one way or another—about whether any particular restriction challenged by plaintiffs is the least restrictive means of furthering a compelling governmental interest.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The objection of plaintiffs Michael D. Perseke and Shawn Jamison [ECF No. 35] is OVERRULED.

2. The objection of plaintiff David Hamilton [ECF No. 30] is OVERRULED.

3. The Report and Recommendation of September 8, 2016 [ECF No. 29] is ADOPTED insofar as it is consistent with this order.

4. Defendants' motion to dismiss plaintiffs' complaint [ECF No. 21] is GRANTED IN PART AND DENIED IN PART.

5. Plaintiffs' complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 30, 2016

 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge